UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABRAHAM SANTIAGO, : | |
| plaintiff : | |
| : | |
| v. : | 3:07-cv-1121 (CFD) |
| : | |
| MARK DELIETO, : | |
| defendant : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This case involves the events giving rise to a recent ruling by District Judge Nevas, in Ortiz v. Town of Stratford, No. 3:07-cv-1144 (AHN), at Dkt. # 80 (Ruling on Motion for Summary Judgment and Cross-Motions to Strike). The present plaintiff, Abraham Santiago, is the son-in-law of the plaintiff in the Ortiz case. The defendant, Mark DeLieto, was one of the defendants in Ortiz. The Court assumes the parties' familiarity with the relevant facts related in Judge Nevas's ruling and which the Court finds applicable to this ruling.

**I.      Summary Judgment Standard**

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue

for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it. Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

**II.     Discussion**

There are some factual differences between this case and the Ortiz case. For instance, DeLieto, the officer who investigated the civil complaint filed by Ortiz, is the only defendant in this case, while several other defendants were named in the Ortiz case. The plaintiff here, Santiago, did not file a civil complaint against Officer Gugliotti, as Ortiz did. However, Santiago provided a statement, signed under oath, as a witness for DeLieto's investigation of the Ortiz complaint. The statement included Santiago's sworn testimony that "Officer Gugliotti told [Ortiz], 'you're not touching my fucking car.' When I heard that, it opened my eyes." [Dkt. #

16, DeLieto Affidavit Exh. C]. The recorded conversation reveals that this statement was untrue, and it was as a result of the sworn statement that Santiago was arrested.[1]

Having independently reviewed the record in this case, including the audio recording of the incident giving rise to the claims and the police reports attached as exhibits to the Affidavit of Mark DeLieto, the Court finds that the arrest of Santiago was supported by probable cause, and therefore the § 1983 claims based on Fourth Amendment false arrest and malicious prosecution fail as a matter of law, for the reasons articulated in the Ortiz ruling. The Court also finds that the First Amendment claims fail because of the falsity of the statement.

The Court declines to exercise supplemental jurisdiction over any state law claims.

## III.  Conclusion

For the foregoing reasons, the Motion for Summary Judgment [Dkt. # 13 ] is GRANTED.

So ordered this 20th day of March, 2009 at Hartford, Connecticut.

    /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE**

---

[1] The arrest warrant for Santiago is not in the record, but the parties do not dispute that Santiago was arrested for making a false statement.